W. A. CRIGLER v. CHARLES O. LOCKARD ET AL.

Banks and Banking—Checks only Prima Facie Evidence of Payment.

A bank check reciting "in full of all demands to date", is held to be but prima facie evidence of payment, and may be explained or corrected by proof aliunde.

APPEAL FROM BOONE CIRCUIT COURT.

March 1, 1870.

OPINION OF THE COURT BY JUDGE PETERS:

The action was brought by appellees for the balance of the price of store goods, which they allege they had sold and delivered to appellant at various times from 1863 to 1866 inclusive.

Appellant in his answer traversed the charge of indebtedness, alleged payment in full of all demands prior to the commencement of the action, and exhibted a check drawn by himself on Grinstead & Bradley (bankers in Lexington), dated subsequent to the date of any item charged in the account of appellees, payable to them, and expressing on its face, that it is in full of all demands to date.

Appellees collected the money on that check as is shown by the evidence before they instituted their suit, but the jury returned a verdict against appellant for $217.36 on which a judgment was rendered, and his motion for a new trial having been overruled, he has appealed to this court.

The only cause of action set out in the petition is for store goods sold and delivered to appellant, and although on the account filed there is an item charged of $21 "for cash lost on Biggs note," another of $50 cash paid Judge Perrin and $1.22 exchange on deft., there is no allegation of any such payments, or an indebtedness for either of said items; and deducting them from the balance claimed by appellees, after allowing the credits which are given on the account, the verdict is for more than would be due them.

Appellant, in the amended answer, traversed any indebtedness on account of said items, or either of them, although such indebtedness was not charged, and on the trial there was no evidence

offered tending even to show that he owed the same or any part thereof. But they were not excluded from the consideration of the jury, and were considered, and taken into the estimate in making up the verdict, as must be apparent from the amount found, and by excluding them appellee's account shows the indebtedness to be less than the verdict.

As there was neither allegation, nor proof to sustain the verdict for the amount thereof, it should have been set aside, and a new trial awarded. No other error is perceived, the check, although purporting to be in full demands to date, is only *prima facie* evidence of payment and may be explained or corrected by proof *aliunde*. But for the error indicated, the judgment must be *reversed,* and the cause remanded for further proceedings consistent herewith.

*Stevenson & Myers, for appellant.*

*Drane, for appellee.*